IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CRAIG BELKNAP,**

        Petitioner,

   v.

**PENNSYLVANIA, WISCONSIN, MICHIGAN, VIRGINIA, CALIFORNIA, UNITED STATES, GEORGIA, ARIZONA, and NEVADA,**

        Respondents.

No. 3:20-cv-01968-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Craig Belknap's Application for Leave to Proceed IFP [ECF 1] is GRANTED, but his case is DISMISSED with prejudice and without leave to amend.

## BACKGROUND

In a series of filings, Mr. Belknap contends that the Democratic Party is illegally attempting to steal the 2020 presidential election. He claims that governors and judges in multiple states, including Pennsylvania, Wisconsin, Michigan, Virginia, and California, have unconstitutionally written election laws. He claims that election workers in Arizona gave predominantly Republican voters sharpies to cast their votes because sharpies do not register on vote-counting machines. He claims that at least 28 states use "criminally corrupt software in their

1 – OPINION AND ORDER

computer voting systems" that erroneously gave "many millions of votes" to President-elect Joseph R. Biden Jr. Suppl. 2 [ECF 5] at 4. He claims that the "criminally corrupt" software is owned by the Clinton Foundation, Senator Dianne Feinstein's husband, Representative Nancy Pelosi's chief of staff, and George Soros. Req. for Judicial Notice [ECF 7] at 1. The list of allegations goes on.

Mr. Belknap asks me to order multiple states, including Pennsylvania, Wisconsin, Michigan, Virginia, and California, to stop all vote counting. He asks me to issue an order destroying all ballots received after election day. He asks me to issue an order destroying all mail-in ballots, even those received by election day. He asks me to order a nationwide audit and an impoundment of all ballots. He asks me to order the various state legislatures to choose the winner of the election. The list of requested remedies goes on.

## STANDARD OF REVIEW

The court shall dismiss an IFP action "at any time if the court determines that . . . the action . . . is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (explaining that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must construe a complaint in the light most favorable to the plaintiff, a court "cannot construe the complaint so liberally as to extend [its] jurisdiction beyond its constitutional limits." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Although a pro se litigant should ordinarily be granted an opportunity to amend,

the court may dismiss the action if "it is absolutely clear that no amendment can cure the defect." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

Mr. Belknap's filings suffer from many defects. Most concerning is his lack of standing. "[A] plaintiff normally does not have standing where the only 'asserted harm is a "generalized grievance" shared in substantially equal measure by all or a large class of citizens.'" *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *cf. Texas v. Pennsylvania*, 155, Orig., 2020 WL 7296814 (U.S. Dec. 11, 2020) (rejecting Texas's lawsuit against Pennsylvania, Georgia, Michigan, and Wisconsin because "Texas has not demonstrated a judicially cognizable interest in the manner in which another State conducts its elections"). Without standing, the federal courts lack jurisdiction. *Victory Processing, LLC v. Fox*, 937 F.3d 1218, 1224–25 (9th Cir. 2019). Mr. Belknap's grievances are generalized, and he has not demonstrated a judicially cognizable interest in the way other states conduct their elections. Accordingly, he lacks standing, and this court lacks jurisdiction.

Standing is not Mr. Belknap's only issue. Another serious defect is his attempt to sue sovereign entities immune from suit. *See* U.S. Const. amend XI; *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) ("The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states.").

The problems do not end there. I cannot issue an ex parte temporary restraining order without "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). I cannot grant the extraordinary remedy of

preliminary relief unless Mr. Belknap "establish[es] that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Finally, Mr. Belknap alleges that the Democratic Party has engaged in the single largest fraud scheme in our nation's history. *See* Suppl. 10 [ECF 11] at 1 ("This is the largest and most brazen voter fraud and election theft in American history!"). When alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Mr. Belknap's many filings, when construed together, are quite simply insufficient to meet any of these standards.

## CONCLUSION

I recognize that ordinarily, a pro se plaintiff should be granted an opportunity to amend. However, I find it absolutely clear that no amendment can cure the deficiencies of Mr. Belknap's various filings. Namely, Mr. Belknap cannot establish standing, which means this court will never have jurisdiction over his claims. Accordingly, I DISMISS this case with prejudice and without leave to amend. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this __14__ day of December, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER